FILED
00 MAY 26 PM 2:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 2 6 2000

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 00-PWG-0414-NE |
| | ) | |
| OFFICER MICHAEL TERRIAN, | ) | |
| and OFFICER THOMAS BEASLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on March 30, 2000, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim for which relief can be granted. The plaintiff filed objections to the report and recommendation on April 13, 2000.

In his objections plaintiff reiterates the claims made in both his original complaint and amended complaint, that he was not informed that he could present a defense to a disciplinary charge, and that the evidence against him was not properly handled. Plaintiff cites *Sherer v. State*, 668 So. 2d 174 (Ala. Crim. App. 1995), in which the Alabama Court of Criminal Appeals granted a petitioner's appeal of the denial of a habeas corpus petition because the state failed to present evidence of a proper chain of custody for a urine sample. While plaintiff has a petition for habeas corpus pending in this court, this case is not a habeas corpus proceeding, rather this case was brought pursuant to 42 U.S.C. § 1983, in which plaintiff seeks damages for a violation of his constitutional rights. In order to prevail on his § 1983 claim the plaintiff must show that he held a constitutionally

protected right; that he was deprived of that right in violation of the Constitution; that the defendant intentionally caused this deprivation; and that the defendant acted under color of law. Plaintiff has failed to submit any facts to show that he held a constitutionally protected right to have a disciplinary notice specifically inform him that he had a right to present a defense at a disciplinary hearing, or a constitutional right to have the evidence used against him maintained in a particular way. As grounds for his objections plaintiff has cited prison regulations and states that a liberty or property interest is created when a statute or regulation says that officials must do or must refrain from doing something. Plaintiff provides no support for this position.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 25th day of May, 2000.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE